IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARK JOHN SHRADEJA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE <br><br><br> Case No. 1:17-cr-017 DB |

This matter is before the court on Defendant Shradeja's motion for sentence reduction under 18 U.S.C. § 3582. The motion has been fully briefed.  (Dkt. Nos. 55, 56, 58.)  For the reasons stated herein, Defendant's motion is denied.

## BACKGROUND

On September 11, 2018, Defendant entered a plea of guilty to one count of Traveling with Intent to Engage in Sexual Conduct, in violation of 18 U.S.C. § 2423(b).  (Dkt. 37.)  On February 19, 2019, this Court sentenced Defendant to 24 months imprisonment and 60 months of supervised release.

Defendant is incarcerated at FCI Elkton has served approximately 15 months of his

1

sentence.  On April 16, 2020, Defendant sent a request to the warden of FCI Elkton seeking consideration for compassionate release.  On April 24, 2020, after concluding Defendant did not meet the criteria for compassionate release, the warden denied Defendant's request.  On May 22, 2020, Defendant filed the present motion asking the Court to "reduce his sentence under 18 U.S.C. § 3582 (c)(1)(A)" and "convert[] his remaining in-custody time to home confinement."  (Dkt. 55 at 1.)  Defendant is asking to be released to his home in Chicago so he can reside with his wife and two young children.  (*Id.* at 2.)

The government opposes Defendants motion on the following grounds: (1) that Defendant has failed to demonstrate extraordinary and compelling reasons sufficient to warrant a sentence reduction under § 3582; (2) that the statutory sentencing factors do not weigh in favor of Defendant's release and he poses a danger to the public; and (3) that the Court lacks the authority to convert Defendant's sentence to home confinement under the Coronavirus Aid, Relief and Economic Security Act.  (Dkt. 56 at 10.)

### DISCUSSION

It is well-established that a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  Title 18 U.S.C. §3582(c), often referred to as the compassionate release statute, permits a court to modify a term of imprisonment but only if certain exceptions apply.  Previously, these exceptions required the Bureau of Prisons (BOP) bring a motion on a defendant's behalf.  However, in 2018 the compassionate release statute was

amended by The First Step Act. Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan. July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

    Exhaustion

Defendant concedes that he "has not yet fully exhausted the administrative remedies." (Dkt. 58 at 2.)  However, Defendant argues that the exhaustion requirement is a not a jurisdictional bar, but a "non-jurisdictional claim-processing rule."  (*Id.*)  Defendant argues that the Court should waive the exhaustion requirement in this case "because the continued pursuit of BOP remedies is futile and the delay could have catastrophic health consequences."  (*Id.*)  The government does not address the issue of exhaustion.

The United States Court of Appeals for the Tenth Circuit has not yet decided whether § 3582 (c)(1)(A)'s exhaustion requirement is jurisdictional or a claims-processing rule.  *United States v. Younger*, 2020 WL 3429490, *3 (D. Kan. June 23, 2020) (discussing cases).  This distinction matters because, unlike a jurisdictional bar, "mandatory claims processing rules bind the courts only when properly asserted and not forfeited."  *Id.* (predicting that the Tenth Circuit will follow the "highly persuasive" reasoning of *United States v. Alam*, 2020 WL 2845694 (6th Cir. June 2, 2020), and conclude that § 3582(c)(1)(A)'s exhaustion requirement is a "claim-processing rule").

The Court need not address the exhaustion requirement in this case because even

assuming Defendant satisfied the exhaustion requirement, as discussed below, his motion fails on the merits.

Compassionate Release

Section 3582(c)(1)(A) authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in Section 3553(a) to the extent they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in U.S.S.G. § 1B1.13.[1] *United States v. Vashawn*, Slip Copy, 2020 WL 4219789, *3 (D. Kan. July 23, 2020). As pertinent here, this policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "[e]xtraordinary and compelling reasons warrant the reduction," and (2) "[t]he defendant is not a danger to the safety of any other person or the community," and (3) "[t]he reduction is consistent with this policy statement." *Id.*

Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth" in subdivisions (A) through (D). Subdivision (A) provides that the medical condition of a prisoner may qualify the inmate for compassionate release if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the

---

[1] The Sentencing Commission's applicable policy statement, USSG § 1B1.13, predates the First Step Act and "has not been updated to reflect the statutory amendment; in fact the statement's application notes still require a motion by the BOP." *United States v. Jackson*, 2020 WL 2812764, *3 (D. Kan. May 29, 2020).

4

prison and he is not expected to recover. U.S.S.G. § 1B1.13 application note 1(A). Subdivisions (B) and (C) apply to age and family circumstances not invoked here. Subdivision (D) supplies a "catchall" provision: it applies when "[a]s determined by the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 application note 1(D).[2]

Finally, the moving defendant bears the burden of establishing that a "compassionate release" is warranted under the statute. *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *Wesley*, 2020 WL 3868901, at *1 (citing *United States v. Piper*, 839 F.3d. 1361, 1265 (10th Cir. 2016)).

---

[2] Some courts have ruled, based on the express wording of application note 1(D) to § 1B1.13, that only the BOP may invoke the "catchall" provision of subdivision (D). *See Jackson,* 2020 WL 2812764, at *3 (citing cases). The "overwhelming majority of courts," however, have rejected this approach, finding "[i]t would undermine the change made by Congress in the [First Step Act]." *Id.* (assuming, for purposes of deciding compassionate release motion, that a court is not limited to circumstances set forth in subdivisions (A) through (C)). Instead, they have concluded that although the old policy statement provides helpful guidance, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." *United States v. Younger*, 2020 WL 3429490, *5 (D. Kan. June 23, 2020); *see also United States v. Pullen*, 2020 WL 4049899, *3 & n.28 (D. Kan. July 20, 2020) ("In accordance with the weight of authority, the Court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute"); *United States v. O'Bryan*, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020) ("In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence – and may do so under the 'catch all' provision.").

In this case, Defendant argues, consistent with the Sentencing Commission's catchall provision (D), that a combination of factors warrant his compassionate release. Defendant acknowledges that he "does not have one of the medical conditions that makes him more susceptible to getting the infection and more likely to have worse outcomes once he is infected." (Dkt. 58 at 9). However, Defenant has already tested positive for COVID-19, and he claims that FCI Elkton has demonstrated that it is unable to care for its inmates in a way that minimizes the danger of COVID-19. (Dkt. 55 at 2.)[3] Additionally, Defendant suffers from severe depression and anxiety, and prior to testing positive he was "under a lot of stress at the prison working 14 hour days, seven days a week as a cook." (Dkt. 55 at 3.) Defendant argues that even though he has now been released from quarantine, he may be at continued risk because "there is no scientific consensus over whether or not having been infected once keeps the person from being infected again." (Dkt. 58 at 9.) Finally, Defendant claims that he "poses no danger to the community," and asserts that converting his remaining months to home confinement will "further respect for the law," by "demonstrating the judicial system is not mechanical and uncaring of prisoners' plight." (Dkt. 55 at 9.)

The government, in opposition, acknowledges that if an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and

---

[3] According to Defendant, when he filed his motion, FCI Elkton had the fifth highest number of individual COVID-19 infections of any prison in the Bureau of Prisons and the second highest number of deaths. (Dkt. 55 at 2.)

compelling reasons." (Dkt. 56 at 12-13.) However, the Defendant in this case readily admits that does not belong to a medically vulnerable group. And, although Defendant tested positive for COVID-19, his health has not been adversely impacted by the infection. According to the government, the Defendant was asymptomatic and his infection was discovered only because he worked in the kitchen, and per BOP policy all prison essential workers were tested for COVID-19. (Dkt. 56 at 13.) The government asserts that granting compassionate release under these circumstances does not serve the purpose of the statute. (*Id.*)

The Court agrees and finds that Defendant has failed to present extraordinary and compelling reasons sufficient to warrant compassionate release. The Defendant is 35 years old and has no preexisting medical issues or conditions that put him at a higher risk of complications related to COVID-19. Although Defendant contracted COVID-19, he was asymptomatic. After testing positive for the virus, Defendant was quarantined in accord with the BOP's COVID-19 response plan and released from quarantine without medical complications. Defendant's medical records indicate that he has experienced no symptoms relating to COVID-19 and he has not been adversely affected by COVID-19. (Dkt. 56, Attachment D, BOP Health Records, 2020, p.23). Moreover, while recognizing that information regarding COVID-19 is rapidly developing, there appears to be evidence suggesting that recovery from COVID-19 confers some level of immunity against re-infection. *United States v. Reece*, 2020 WL at *6 & n.44 (D. Kan. July 13, 2020) (summarizing medical research). Although the Court is not in a position to make definitive conclusions about immunity to COVID-19, Defendant's lack of complications after testing positive and the possibility of developing some degree of immunity cannot be ignored in

consideration of whether there are extraordinary and compelling reasons warranting a reduction in Defendant's sentence. *Id.*

Finally, the Court's conclusion is buttressed by its consideration of the applicable sentencing factors in § 3553(a). Defendant pleaded guilty to a serious offense – Traveling with Intent to Engage in Sexual Conduct – and faced a sentencing guideline range of 57-71 months. The Court's sentence of 24 months took into consideration Defendant's circumstances and the particular facts of this case. Any further reduction of Defendant's sentence would minimize Defendant's actions and undermine the need to promote respect for the law and afford adequate deterrence to criminal conduct.

### Request for Home Confinement Under the Coronavirus Aid, Relief and Economic Security Act (The CARES Act)

Although Defendant's motion is captioned "Motion for Reduction in Sentence" and is brought pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant's specific request asks the Court to convert his sentence to home confinement. (Dkt. 55, Def.'s Mot. at 2 ("[Defendant] is asking to be released to home confinement to the home that he owns in Chicago . . . .").)

This Court is without authority to place Defendant in home confinement prior to the end of his sentence. The Director of the Bureau of Prisons has discretion under 18 U.S.C. § 3624(c)(2) to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.* The new Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") expands that discretion and provides that the BOP "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516

(2020). In sum, the Director of the BOP – not the courts – has the authority and discretion to place a prisoner in home confinement prior to the end of a prisoner's sentence. *United States v. Machuca-Quiintana*, 2020 WL 3047596, at *5 (D. Kan. June 8, 2020); *United States v. Ward*, 2020 WL 2089826, at *2 (W.D. Okla. Apr. 30, 2020); *see also United States v. Boyles*, 2020 WL 1819887 at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)). Thus, to the extent Defendant's motion seeks the transfer of his incarceration from FCI Elkton to home confinement, the Court lacks jurisdiction to grant such a request. *See United States v. Dubarry*, No. 2:09-cr-680-DAK, Slip Copy, 2020 WL 3791906, *1 (D. Utah July 7, 2020).

## **CONCLUSION**

Defendant's motion for sentence reduction under § 3582(c)(1)(A) is DENIED.

To the extent Defendant's motion seeks a sentence of home confinement under the CARES Act, the motion is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 6th day of August, 2020.

_____
Dee Benson
United States District Judge